UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
OCT 10 2007

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ALEJANDRO C. MENDOZA, | * | CIV 03-40038 |
| Petitioner, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner Alejandro C. Mendoza has moved this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Doc. 67. For the reasons set forth in this Memorandum Opinion the motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Alejandro Mendoza received a 144-month prison sentence after he pleaded guilty to aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner appealed his sentence to the Eighth Circuit Court of Appeals contending that this Court clearly erred in denying him safety-valve relief based on this Court's finding that he did not truthfully provide to the government all the information he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." See U.S.S.G. § 5C1.2(a)(5). The Eighth Circuit Court of Appeals affirmed the sentence after concluding that Petitioner failed to meet his burden to show affirmatively that the information he gave the government was truthful and complete. *United States. v. Mendoza,* 2007 WL 28451 (8th Cir. January 5, 2007)(unpublished opinion) (citing *United States v. Alvarado-Rivera,* 412 F.3d 942, 947 (8th Cir.2005) (en banc), *cert. denied,* 126 S.Ct. 1096 (2006)).

The information Petitioner provided law enforcement indicated that he had acted essentially as a courier in the drug deal underlying the offense of conviction and that he had not met with the buyer before. The female buyer, however, testified at sentencing that Mendoza had arranged the drug deal and had sold drugs to her on several previous occasions and had contact with her in both South Dakota and California. Mendoza offered no evidence to rebut the buyer's testimony, which

this Court found credible. This Court also found that Petitioner was not entitled to the two-point reduction for acceptance of responsibility.

The plea agreement entered into between the Government and Petitioner contains the following Waiver of Defenses and Appeal Rights:

> The defendant hereby waives any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742. The parties agree that expressly excluded from this waiver of defenses and appeal rights are the following: (1) the defendant's right to appeal the Court's denial of the application of U.S.S.G. § 5C1.2 to the calculation of his sentence, in the event that the Court should so rule at sentencing; and (2) the defendant's right to appeal the sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory guideline range established by the Court for the offense.

In his motion under 28 U.S.C. § 2255 Petitioner contends that trial counsel was ineffective for failing to object at sentencing and failing to appeal the denial of acceptance of personal responsibility under U.S.S.G. § 3E1.1(a), and for failing to argue that this Court's reliance on uncharged conduct in denying Petitioner safety-valve relief violated Petitioner's Sixth Amendment rights.

## DISCUSSION

The Supreme Court set forth the standard by which claims for ineffective assistance of trial counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when the defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine

2

confidence in the outcome." *Id.* Likewise, in order to prevail on an ineffective assistance of appellate counsel claim, a defendant must establish his counsel's representation was deficient and the deficiency prejudiced the defense. *Wiggins v. Smith*, 539 U.S. 510, 522 (2003).

Denial of Acceptance of Personal Responsibility Issues

Trial counsel, in fact, argued in favor of Petitioner receiving the two point deduction for acceptance of personal responsibility. Although counsel realistically acknowledged he could not change the facts of the case as found by this Court, trial counsel argued that when the parties negotiated the plea agreement the Government knew Petitioner's version of the facts and included acceptance of responsibility in the plea agreement. Trial counsel asked this Court to enforce the agreement. Although it is this Court that ultimately determines whether there has been acceptance of responsibility, counsel was not ineffective in presenting the argument he presented on this point.

Counsel could not appeal the denial of acceptance of responsibility because the Waiver of Defenses and Appeal Rights in the plea agreement did not provide that this issue could be appealed. On numerous occasions, the Eighth Circuit Court of Appeals has acknowledged the general permissibility of including appeal waivers in plea agreements. *See, e.g.*, *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003); *DeRoo v. United States*, 223 F.3d 919, 923-24 (8th Cir.2000); *United States v. Morrison*, 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen*, 141 F.3d 867, 868-73 (8th Cir.1998).When reviewing a purported appeal waiver, the Eighth Circuit Court of Appeals must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. A waiver will not be enforced, however, if it were to result in a miscarriage of justice. *United States v. Andis,* 333 F.3d at 890. There is no evidence that the waiver in this case was not entered into knowingly and voluntarily. Also, this case does not present a situation where the enforcement of the appeal waiver would result in a miscarriage of justice. Counsel's conduct was not deficient in failing to raise an issue that was waived in the appeal waiver in the plea agreement.

Sixth Amendment Argument

Petitioner argues that his counsel should have argued on appeal that this Court's reliance on uncharged conduct in denying Petitioner safety-valve relief violated Petitioner's Sixth Amendment rights. Petitioner maintains that the buyer's testimony was suspicious and needed to be proven beyond a reasonable doubt to a jury before it could be relied upon by this Court in denying Petitioner

3

safety- valve relief.

The Eighth Circuit has rejected the argument that the imposition of enhancements under the Sentencing Guidelines violates the Sixth Amendment as construed in *United States v. Booker*, 543 U.S. 220 (2005). The Eighth Circuit has explained:

> The Supreme Court remedied the Sixth Amendment violations that resulted from the mandatory application of the Guidelines by making the Guidelines advisory. [*Booker*, 543 U.S.]. at 259, 125 S.Ct. 738. District courts continue to apply Guidelines enhancements based on judge-made fact-findings found by a preponderance of the evidence, as long as the Guidelines are treated as advisory. *See United States v. Mugan*, 441 F.3d 622, 633 (8th Cir.2006) ("*Booker* did not change the standard of proof for a sentencing court's factual findings."); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir.2006) ("Because the district court applied the Guidelines as advisory, there is no *Booker* error present in this case."). The district court did not violate the Sixth Amendment by making the necessary fact-findings to support the enhancement.

*United States. v. Sandoval-Rodriguez*, 452 F.3d 984, 990-991 (8th Cir. 2006).

Just as the district courts are allowed to make the necessary fact-findings to support enhancements under the advisory Guidelines, the district courts are allowed to make the necessary fact-findings to deny acceptance of responsibility point deductions and to deny safety valve relief. For these reasons Petitioner's Sixth Amendment argument fails. Accordingly,

IT IS ORDERED :

(1) that Petitioner's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence ( Doc. 67) is denied; and

(2) that a certificate of appealability under 28 U.S.C. § 2253 is denied..

Dated this 10th day of October, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)     DEPUTY

4